UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Feng Chen, individually and on behalf of     DOCKET No. 5:21-cv-1157 (GTS/TWD)
all other employees similarly situated,

                Plaintiff,

      - against -     COMPLAINT

Asia Super Market Buffalo LLC,
Rockey Ren, Ling Li Ren,
Qing Li, John Doe and Jane Doe # 1-10

                Defendants.
-------------------------------------------------------------X

Plaintiff Feng Chen ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Law Offices of Jin Huang, hereby files this complaint against the Defendants Asia Super Market Buffalo LLC, Rockey Ren, Ling Li Ren, Qing Li, John Doe and Jane Doe # 1-10 (collectively "Defendants"), alleges and shows the Court the following:

## NATURE OF THE ACTION

1.    Plaintiff Feng Chen alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Asia Super Market Buffalo LLC, Rockey Ren, Ling Li Ren, Qing Li, John Doe and Jane Doe # 1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Chen further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for unreasonably delayed wages; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for defendants' violation of the Wage Theft Prevention Act.

3. Plaintiff Mr. Chen is an adult individual residing in New York, New York.

4. Mr. Chen consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Upon information and belief, defendant Asia Super Market Buffalo LLC (hereinafter "Asia Super Market") is a New York corporation with a principal place of business at 2055 Niagara Falls Blvd, Buffalo, NY 14228.

6. At all relevant times, defendant Asia Super Market has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Asia Super Market has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Asia Super Market has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, defendant Asia Super Market

has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendants Rockey Ren, Ling Li Ren and Qing Li are owner(s) or part owner(s) and principals of Asia Super Market, who have the power to hire and fire employees, set wages and schedules, and maintain its records.

11. Defendants Rockey Ren, Ling Li and Qing Li were involved in the day-to-day operations of Asia Super Market and played an active role in managing the business.

12. For example, Qing Li had interviewed and hired plaintiff and set his wages. Rockey Ren and Ling Li Ren set Plaintiff's work schedule, paid him his wages and maintained business records.

13. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of Asia Super Market, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

14. Defendants constituted "employers" of Mr. Chen as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Chen's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Chen's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLERGATIONS

17.     Pursuant to 29 U.S.C. § 206 and § 207, Mr. Chen seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since October 20, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were supermarket employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.     The Collective Action Members are similarly situated to Mr. Chen in that they were employed by defendants as non-exempt supermarket employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

19.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.     Mr. Chen and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21.     The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery. Upon information and belief, there are more than forty (40) members of the class

## FACTS

22.     At all relevant times herein, defendants owned and operated a supermarket selling groceries and Asian style food in the Buffalo area in the State of New York.

23.     Mr. Chen was employed at Asia Super Market from approximately September 21,

4

2017 through September 30, 2021.

24.     Mr. Chen was employed as a replenishment assistant/shelf stocker in the produce department of the supermarket. His primary duties included sorting, cleaning and packaging vegetables, and stocking them onto the shelves/counters for sale.

25.     He also had numerous duties in the supermarket such as unloading vegetable supplies from trucks when vendors made their deliveries to the supermarket, and stacking up inventory in the warehouse.

26.     Mr. Chen's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

27.     At all relevant times herein, Mr. Chen was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28.     Mr. Chen worked a regular schedule of six days per week for defendants. From approximately September 21, 2017 to March 20, 2020, he worked twelve hours a day from 9:00Am to 9:00PM. From March 21, 2020 to September 30, 2021, he worked eleven hours a day from 9:00AM to 8:00PM.

29.     As a result, Mr. Chen was regularly working 66 hours to 72 hours per week each week of his employment.

30.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

31.     From September 21, 2017 to January 31, 2021, Mr. Chen was paid a monthly salary of $32,00.00, $1,000,00 of which was paid biweekly by checks, and $2,200 of which was paid once

per month by cash.

32. From February 1, 2021 to September 30, 2021, Mr. Chen was paid a monthly salary of $35,00.00, $800,00 of which was paid biweekly by checks, and $2,700.00 of which was paid once per month by cash.

33. Mr. Chen received these amounts for all hours he worked, regardless of the number of hours he worked each day, week, or month.

34. Mr. Chen was paid mostly in cash throughout his employment, and he received no paystubs or wage statements of any sort for this portion of his pay.

35. In addition, Mr. Chen did not receive any overtime compensation for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

36. Defendants' failure to pay Mr. Chen the overtime compensation for overtime hours worked was willful, and lacked a good faith basis.

37. Mr. Chen worked more than 10 hours per day throughout his employment with the Defendants, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

38. Defendants failed to provide Mr. Chen with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

39. Defendants failed to provide Mr. Chen with weekly records of his compensation

and hours worked, in violation of the Wage Theft Prevention Act.

40. Upon information and belief, throughout the period of Mr. Chen's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Chen (the Collective Action Members) in positions at defendants' supermarket that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

41. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

42. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

45. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1,

195.3, and the Wage Theft Prevention Act.

46. Upon information and belief, while defendants employed Mr. Chen and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

47. Upon information and belief, while defendants employed Mr. Chen and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act-Unpaid Minimum Wages)

48. Mr. Chen, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 47 as if set forth fully herein.

49. At all relevant times, defendants employed Mr. Chen and the Collective Action Members within the meaning of the FLSA.

50. Defendants failed to pay a salary greater than the minimum wage to Mr. Chen and the Collective Action Members for all hours worked.

51. As a result of defendants' willful failure to compensate Mr. Chen and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

52. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C.§ 255(a), and lacked a good faith basis within the meaning of 29

U.S.C. § 260.

53. As a result of defendants' FLSA violations, Mr. Chen and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law-Unpaid Minimum Wages)

54. Mr. Chen repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 53 as if set forth fully herein.

55. At all relevant times, Mr. Chen was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Mr. Chen's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190- 199, 652 and their regulations.

57. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. As a result of defendants' New York Labor Law violations, Mr. Chen is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standard Act-Overtime)

59. Mr. Chen, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 58 as if set forth fully herein.

60. At all relevant times, defendants employed Mr. Chen and each of the Collective Action Members within the meaning of the FLSA.

61. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

62. As a result of defendants' willful failure to compensate their employees, including Mr. Chen and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

64. As a result of defendants' FLSA violations, Mr. Chen and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law-Overtime)

65. Mr. Chen repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 64 as if set forth fully herein.

66. At all relevant times, Mr. Chen was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated Mr. Chen's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

68. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69. As a result of defendants' New York Labor Law violations, Mr. Chen is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law-Spread of Hours)

70. Mr. Chen repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 69 as if set forth fully herein.

71. At all relevant times, Mr. Chen was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74.     Defendants willfully violated Mr. Chen's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*.

75.     Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

76.     As a result of defendants' New York Labor Law violations, Mr. Chen is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law-Frequency of Pay)

77.     Mr. Chen repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78.     At all relevant times, Mr. Chen was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79.     Defendants willfully violated the rights of Mr. Chen by failing to pay him all of his wages owed within one week after the week in which those wages were earned, in violation of New York Labor Law § 191.

80.     Defendants' failure to pay all wages owed on the applicable schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.     As a result of defendants' New York Labor Law violations, Mr. Chen is entitled

to recover from defendants damages for unreasonably delayed wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII

### (New York Labor Law-Wage Theft Prevention Act)

82. Mr. Chen repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, Mr. Chen was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84. Defendants willfully violated Mr. Chen's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

85. Defendants willfully violated Mr. Chen's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

86. As a result of defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Chen is entitled to recover from the defendants statutory damages allowed under the New York Wage Theft Prevention Act.

87. As a result of defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Chen is entitled to recover from the defendants statutory damages under the New York Wage Theft Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Chen respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. Compensatory damages for failure to pay minimum wages pursuant to the FLSA and New York Lab Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of damages as a result of Defendant's failure to pay the "spread of hours" premiums required by New York Labor Law;

i. An award of damages as a result of defendants' violation of the frequency of payment requirements of New York Labor Law;

j. Liquidated damages for defendants' New York Labor Law violations;

k. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

l. Punitive damages under the applicable laws;

m. An award of prejudgment and post-judgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o. Such other, further, and different relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: Queens, New York
October 20, 2021

Law Offices of Jin Huang
*Attorneys for Plaintiff*

s/Jin Huang_____
Jin Huang, Esq.
36-09 Main Street, Suite 10A
Flushing, NY 11354
Tel: (718) 321-2911
jhlawoffices@gmail.com

# Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARD ACT

I am an employee currently or formerly employed by Asia Super Market Buffalo LLC, and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer by the named plaintiff in this case.

Date: October 4, 2021

Feng Chen
_____
Full Legal Name (Print)

*CHEN FENG*
_____
Signature